UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
OHAN KARAGOZIAN,	:
　　　　　　　　　　　　　　　　　　　　　　　　　　　：　**Civil Case No.:**
　　　　　　　　　　　Plaintiff,　　　　　　　　：　**10-cv-05482 (RMB)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　-against-　　　　　　　　　　　　　　　　　　：　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　：
COTY US LLC, a/k/a COTY INC.,　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　：　**JURY TRIAL DEMANDED**
　　　　　　　　　　　Defendants.　　　　　　：
------------------------------------------------------------------- X

　　　　OHAN KARAGOZIAN ("Plaintiff"), by his attorneys, The Law Office of BORRELLI & ASSOCIATES, P.L.L.C., complaining of Defendant, COTY US LLC, a/k/a COTY INC. (individually, hereinafter, "COTY" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## INTRODUCTION

　　　　This is a civil action seeking monetary damages based upon Defendant's violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the New York Labor Law ("Labor Law"); the Employee Retirement Income Security Act of 1974, as amended, § 29 U.S.C. 1140 ("ERISA § 510"); 18 U.S.C. § 1964(c) ("RICO"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's claims is invoked pursuant to 28 U.S.C. § 1331, *vis-à-vis* 29 U.S.C. § 1132 *et seq.*, 29 U.S.C. §§ 201 *et seq.*, and 18 U.S.C. § 1964(c).  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state and local law causes of action.

2. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b), as all actions comprising the claims for relief occurred within this judicial district, and because one (1) or more of the defendants resides within this judicial district within the meaning of the just-cited statute.

## PRELIMINARY STATEMENT

3. Defendant COTY, by and through actions of its agents, officers, servants and / or employees, engaged in unlawful conduct by willfully and intentionally misclassifying Plaintiff as an independent contractor rather than as an employee, and then accordingly failing to compensate Plaintiff for his overtime hours worked per workweek *in any amount* at the statutorily prescribed rate of one and one-half times Plaintiff's normal rate of pay for all hours worked per week in excess of 40, as well as failing to pay Plaintiff vacation, holiday, sick pay, and bonuses.  As a result of COTY's intentional misclassification, Plaintiff asserted his legal rights to have COTY reclassify Plaintiff as an employee.  COTY responded to Plaintiff's request for reclassification by illegally retaliating against Plaintiff by terminating Plaintiff's employment.  Plaintiff and COTY have since resolved partially Plaintiff's unpaid wages claims arising solely under the New York Labor Law, however, due to COTY's willful conduct, Plaintiff is still owed

liquidated damages under that law, as well as compensation for COTY's illegal retaliatory action in terminating Plaintiff's employment. Plaintiff is also owed liquidated damages and unpaid wages under the FLSA, as well as compensation under that statute for COTY's illegal retaliatory action in terminating Plaintiff's employment. COTY's actions were also in intentional interference with Plaintiff's right to pension and medical benefits that COTY provided to its employees via its pension plan, in violation of ERISA § 510. Lastly, COTY's intentional and repeated actions of using the United States Postal Service to perpetrate its fraudulent misclassification of Plaintiff constitutes racketeering, and makes COTY liable to Plaintiff under the applicable RICO statute.

## PARTIES

4. At all relevant times herein, Plaintiff is an individual who resides in the State of Connecticut, and who was an employee of Defendant COTY.

5. At all relevant times herein, Defendant COTY is and was a corporation duly organized and existing under the laws of the State of New York, is authorized to do and is doing business in New York, has a principal place of business located at 1 (and 2) Park Avenue, New York, New York 10016, and is the "plan sponsor" of COTY Inc. Flexible Benefit Plan ("Plan"), which is an "employee pension benefit plan" within the meaning of 29 U.S.C. §§ 1002(3) & (16)(A)

6. Defendant COTY, at all relevant times herein, was and is an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) & 207(a) and 18 U.S.C. § 1962(a), and an employer within the meaning of the Labor Law §§ 2 & 651.

3

7. Plaintiff, at all relevant times herein, was a covered individual within the meaning of the FLSA and the Labor Law, and was employed by Defendant COTY within the meaning of the FLSA and the Labor Law.

## **BACKGROUND FACTS**

8. At all times mentioned herein, Defendant COTY is and was a manufacturer and distributor of various brand-named colognes and other beauty products.

9. At all times mentioned herein, Defendant COTY manufactures and distributes its products to states outside of its home state of New York, and to countries outside of the United States of America.

10. Plaintiff commenced his employment at COTY on or about October 21, 2002, in the position of "help desk support technician."

11. Beginning at the commencement of his employment, COTY exercised supervision, direction, and control over Plaintiff's services by such means as, *inter alia*,: (1) providing Plaintiff with instructions as to when, where, and how his services were to be performed; (2) requiring Plaintiff to report to a supervisor on a regular basis; (3) requiring Plaintiff to work an established work schedule; (4) requiring Plaintiff to submit reports; (5) subjecting Plaintiff's work to COTY's inspection and review, and then requiring Plaintiff to correct work that did not meet COTY's inspection or review; (6) requiring Plaintiff to perform his work on COTY's premises; (7) providing Plaintiff, free of charge, with all supplies, materials, and support staff necessary to adequately perform his services, as well as tools, parts, computers, a desk, and a telephone; (8) providing Plaintiff with training helpful in the performance of his duties; (8) not allowing Plaintiff to take time

off without COTY's knowledge or approval; and (9) not allowing Plaintiff to refuse work assignments.

12. Despite the fact that COTY clearly exercised such supervision, direction, and control over Plaintiff, COTY intentionally misclassified Plaintiff as an independent contractor, and not as an employee.

13. As a result of its misclassification of Plaintiff as an independent contractor, COTY willfully and intentionally refused to pay Plaintiff overtime wages, vacation, holiday and sick pay, as COTY only offered those benefits and wages to its employees, and not to its independent contractors.

14. As a result of its misclassification of Plaintiff as an independent contractor, COTY also intentionally interfered with Plaintiff's attainment of pension and medical benefits under its pension plan, to which Plaintiff would have been entitled in accordance with the terms of COTY's pension plan had COTY correctly classified Plaintiff as an employee. Benefits under COTY's pension plan are only offered to COTY employees, and not to COTY's independent contractors.

15. On or about July 30, 2008, Plaintiff, via counsel, formally submitted a written request to COTY that he be reclassified as an employee.

16. On or about October 17, 2008, merely six weeks after Plaintiff opposed COTY's intentional misclassification of him, in response to Plaintiff's just-mentioned request for reclassification, COTY retaliated against Plaintiff by illegally terminating Plaintiff's employment.

17. On or about December 3, 2008, in response to an unemployment insurance claim filed by Plaintiff, the New York State Department of Labor determined that Plaintiff had been a nonexempt employee, and not an independent contractor, throughout his entire tenure of employment at COTY.

18. On or about March 26, 2009, the Internal Revenue Service, in response to a request by Plaintiff for a determination of his Federal employment tax status for tax years 2002-2008, determined that Plaintiff had been a nonexempt employee, and not an independent contractor, throughout his entire tenure of employment at COTY.

19. Plaintiff and COTY subsequently agreed to partially resolve Plaintiff's claim for *solely* unpaid wages arising *solely* under the Labor Law.

20. Thus, Plaintiff now brings the following causes of action against COTY that were neither addressed nor precluded by the parties' settlement.

21. Lastly, in conjunction with its intentional misclassification of Plaintiff as an independent contractor, COTY, as part of a pattern of racketeering activity, relatedly and repeatedly furnished Plaintiff with a 1099 tax form during each year of Plaintiff's employment with COTY, and not with a W-2 form.

22. As part of its pattern of racketeering activity, COTY relatedly and repeatedly intentionally furnished Plaintiff with the wrong tax form for each year of Plaintiff's employment by intentionally mailing the wrong tax form to Plaintiff via the United States Postal Service, by using regular United States mail.

23. As part of its pattern of racketeering activity, COTY then used or invested, either directly or indirectly, some or all of the proceeds that it derived as a result of its pattern of

6

racketeering activity to either acquire an interest in, or to establish or operate part or all of its business, which is an enterprise engaged in interstate or foreign commerce.

## **FIRST CLAIM AGAINST DEFENDANT**

*Violation of the FLSA*
*Unpaid Overtime, Wages, Retaliation, and Liquidated Damages*

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. As described above, at all relevant times, Defendant COTY was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

26. Plaintiff is a covered employee within the meaning of FLSA, 29 U.S.C. §§ 206(a) & 207(a)

27. At all relevant times, Defendant COTY employed Plaintiff within the meaning of the FLSA.

28. At all relevant times, Defendant COTY willfully failed to compensate Plaintiff *at any rate* of pay for hours worked by Plaintiff in a workweek in excess of 40, the maximum hours provided for under the FLSA, or to compensate Plaintiff for the other wages due and owing to Plaintiff described above.

29. Plaintiff is due and owed this compensation from Defendant.

30. Additionally, as described above, in response to Plaintiff's request that COTY reclassify Plaintiff as an employee, COTY illegally retaliated against Plaintiff by terminating Plaintiff's employment.

31. COTY knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for those hours worked per week in excess of 40 in any amount, much less at the legal overtime rate, and by its failure to compensate Plaintiff with the other aforementioned wages that Plaintiff was justly owed.

32. COTY failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

33. Plaintiff is entitled to an award of his unpaid overtime, wages, reasonable attorney's fees, liquidated damages and costs and disbursement of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM AGAINST DEFENDANT

*Violation of the New York State Labor Law*
*Retaliation and Liquidated Damages*

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. As described above, at all relevant times, Defendant COTY was and continues to be an employer within the meaning of the New York State Labor Law §§ 2 & 651.

36. Plaintiff is a covered employee within the meaning of the New York Labor Law §§ 2 & 651.

37. At all relevant times, Defendant COTY employed Plaintiff within the meaning of the New York Labor Law.

38. At all relevant times, Defendant COTY willfully failed to compensate Plaintiff *at any rate* of pay for hours worked by Plaintiff in a workweek in excess of 40, the maximum hours provided for under the Labor Law, or to compensate Plaintiff for the other wages due and owing to Plaintiff described above.

39. COTY knew of and/or showed a willful disregard for the provisions of the Labor Law as evidenced by its failure to compensate Plaintiff for those hours worked per week in excess of 40 in any amount, much less at the legal overtime rate, and by its failure to compensate Plaintiff with the other aforementioned wages that Plaintiff was justly owed.

40. COTY failed to properly disclose or apprise Plaintiff of his rights under the Labor Law.

41. Additionally, as described above, in response to Plaintiff's request that COTY reclassify Plaintiff as an employee, COTY illegally retaliated against Plaintiff by terminating Plaintiff's employment.

42. Although Plaintiff and COTY have settled the amount of unpaid wages due and owed to Plaintiff *solely* under the Labor Law, Plaintiff remains entitled to an award of liquidated damages pursuant to New York Labor Law § 663(1), as well as to compensation for COTY's illegal retaliatory action of terminating Plaintiff's employment.

## THIRD CLAIM AGAINST DEFENDANT

*Violation of 29 U.S.C. § 1140 (ERISA § 510)*

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. As described above, Defendant COTY sponsors COTY Inc. Flexible Benefit Plan, which is an employee pension benefit plan governed and regulated by ERISA.

45. COTY's employees are entitled to receive substantial benefits under that Plan.

46. Plaintiff, at all time relevant herein, was a COTY employee, and was thus entitled to receive benefits under the terms of the Plan.

47. COTY, by intentionally and willfully misclassifying Plaintiff as an independent contractor, intentionally and willfully interfered with Plaintiff attainment to the benefits that he was due under the terms of the Plan.

48. COTY's actions were taken with the specific intent to interfere with Plaintiff's right to plan participation and benefits.

49. As a direct result of Defendant COTY's intentional misclassification of Plaintiff as an independent contractor for the purpose of interfering with Plaintiff's rights under the Plan, Plaintiff's rights under the Plan were in fact interfered with, as Plaintiff did not attain benefits under the Plan to which he was legally entitled.

50. Defendant COTY thereby committed a violation of 29 USC § 1140 (ERISA § 510), and is liable for all losses that this violation caused to Plaintiff.

## **FOURTH CLAIM AGAINST DEFENDANT**

*Violation of 18 U.S.C. § 1964(c), vis-à-vis violation of 18 U.S.C. § 1962(a)*

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 18 U.S.C. § 1964(c) provides a private right of action for any person injured by reason of a violation of 18 U.S.C. §1962.

53. 18 U.S.C. §1962 provides that it shall be unlawful for any person who has received any income derived from a pattern of racketeering activity to use or invest, directly or indirectly, any part of such income in the acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in any activity that affects interstate or foreign commerce.

54. COTY intentionally engaged in a pattern of racketeering activity by repeatedly committing mail fraud in violation of 18 U.S.C. § 1341, specifically by placing Plaintiff's fraudulent tax forms in a United States mail box for delivery by the United States Postal Service, with the intent to defraud Plaintiff, and with the intent to obtain and/or retain additional monies by means of false or fraudulent pretenses.

55. By intentionally engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1341, and then using those proceeds to operate its business and/or acquire interests which is engaged in interstate and/or foreign commerce, COTY thereby violated 18 U.S.C. § 1962(a).

56. As described above, Plaintiff suffered significant damages as a result of COTY's intentional and repeated violations of 18 U.S.C. § 1962(a).

57. COTY is thereby liable to Plaintiff under 18 U.S.C. § 1964(c) for three times the amount of damages that Plaintiff has suffered based upon COTY's violations of 18 U.S.C. § 1962(a), as well as for Plaintiff's reasonable attorney's fees.

## DEMAND FOR A JURY TRIAL

58. Plaintiff demands a trial by jury of all issues and claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. Enter a judgment declaring that Defendant's patterns, practices and omissions, as described above, violate the law;

2. Enter a judgment and award in favor of Plaintiff and against Defendant for reasonable monetary damages, including back pay (plus interest or an appropriate inflation factor

and enhancement to offset adverse tax consequences associated with lump sum receipt of back pay), front pay, benefits, and all other damages owed to Plaintiff in an amount proven at trial, resulting from Defendant's unlawful and discriminatory acts or omissions;

3. Enter a judgment and award in favor of Plaintiff for the compensatory, punitive, exemplary and liquidated damages available under all applicable Federal and State laws;

4. Enter a judgment and award in favor of Plaintiff for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

5. Enter a judgment and award in favor of Plaintiff for pre-judgment and post-judgment interest;

6. Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper; and

7. Retain jurisdiction over this action until such time as it is satisfied that Defendant has remedied the practices complained of and is determined to be in full compliance with the law.

Dated: Carle Place, New York
July 8, 2010

                                   Respectfully Submitted,

                                   The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 248 – 5550
Fax. (516) 248 – 6027

By: _____/s/_____
MICHAEL J. BORRELLI (MB 8533)