UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OHAN KARAGOZIAN,                                :
                                                :
                    Plaintiff,                  :
                                                :                10 Civ. 5482 (RMB)
           -against-                            :
                                                :                **DECISION & ORDER**
COTY US, LLC, a/k/a COTY, INC.,                 :
                                                :
                    Defendant.                  :
                                                :
------------------------------------------------------------X

I.      **Background**

On November 12, 2010, Ohan Karagozian ("Plaintiff") filed an amended complaint ("Complaint") against his former employer, Coty US, LLC, a/k/a Coty, Inc. ("Defendant"), alleging that Defendant (1) "misclassified Plaintiff as an independent contractor, . . . [thereby] fail[ing] to compensate Plaintiff for [overtime] hours worked," in violation of the Federal Labor Standards Act, 29 U.S.C. § 207 ("FLSA"); (2) "retaliated against Plaintiff [for requesting that he be re-classified as a regular employee] by illegally terminating Plaintiff's employment," in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA" or "Section 510"); and (3) "repeatedly and continuously commit[ed] mail fraud . . . by intentionally placing Plaintiff's . . . tax forms ("US 1099 Forms") [which presumably reflected Plaintiff's inaccurate classification] in a United States mail box for delivery," in violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a) ("RICO"). (Compl., dated Nov. 12, 2010, ¶¶ 12, 16, 29, 45–46.)[1]

---

[1] In or around January 2009, Plaintiff and Defendant had entered into a stipulation of settlement ("Stipulation") with the assistance of the New York State Department of Labor ("NYSDoL"), which provides that "all matters pertaining to payment of unpaid wages and/or

On November 26, 2010, Defendant filed a motion to dismiss the Complaint ("Motion"), pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), asserting, among other things, that Plaintiff (1) "waived his rights under the FLSA by entering into the Stipulation"; (2) did not qualify as an "employee" of Defendant and "does not allege a disruption of Plaintiff's employment"; and (3) "fails to plead mail fraud with particularity," and "does not . . . allege that he suffered an injury proximately caused by Defendant's purported [mail fraud]." (See Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss, dated Nov. 26, 2010 ("Def. Mem."), at 7–10, 12, 16–17.)

On December 28, 2010, Plaintiff filed an opposition to Defendants' Motion, arguing, among other things, that (1) the Stipulation serves "as a bar to Plaintiff's claims for . . . unpaid wages arising only under New York State law"; (2) Plaintiff qualified as an "employee" and "has expressly pled that [Defendant] retaliated against him" for requesting re-classification; and (3) "Plaintiff has adequately described the [elements] comprising [the mail fraud] claim," and the Complaint "contains clear allegations that . . . as a proximate result of [Defendant's] use of the mails, Plaintiff would not have incurred very specific injuries" in the form of a heightened tax burden." (Pl. Mem. at 8, 10, 12–16, 19, 23.)

On January 11, 2011, Defendant filed a reply. (See Def.'s Reply Mem. of Law in Supp. of Def.'s Mot. to Dismiss, dated Jan. 11, 2011 ("Def. Reply").)

**For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.**

---

supplements . . . are fully resolved." (See Compl ¶¶ 17, 19–20; Pl.'s Mem. of Law in Opp'n to Def.'s Mot to Dismiss, dated Dec. 28, 2010 ("Pl. Mem."), Ex. C.)

**II.     Legal Standard**

"In order to 'survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Archibald v. Marshalls of MA, Inc., No. 09 Civ. 2323, 2009 WL 3817404, at *2 (S.D.N.Y. Nov. 12, 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, [and] documents attached as an exhibit thereto or incorporated by reference." In re Atlas Air Worldwide Holdings, Inc. Sec. Litig., 324 F. Supp. 2d 474, 485 (S.D.N.Y. 2004) (citing De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 69 (2d Cir. 1996)).

"Employees cannot waive FLSA claims for unpaid wages or overtime, for less than full statutory damages," except through "(1) settlements supervised by the [United States] Secretary of Labor, and (2) judicially-approved stipulated settlements." Manning v. N.Y.U., No. 98 Civ. 3300, 2001 WL 963982, at *12 (S.D.N.Y. Aug. 22, 2001), aff'd, 299 F.3d 156 (2d Cir. 2002).

To establish a claim of retaliation under ERISA, a plaintiff must show, among other things, that he is an "employee," Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340 (11th Cir. 2000), and that "a causal connection exist[s] between [a] protected activity and [an] adverse action," Kreinik v. Showbran Photo, Inc., No. 02 Civ. 1172, 2003 WL 22339268, at *3 (S.D.N.Y. Oct. 14, 2003).

To plead mail fraud in the civil RICO context, a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." Eldred v. Comforce Corp., No. 08 Civ. 1171, 2010 WL 812698,

at *10 (N.D.N.Y. Mar. 2, 2010) (quoting Moore v. PaineWebber, Inc., 189 F.3d 165, 173 (2d Cir. 1999)).

### III. Analysis

### (1) FLSA Claim

Defendant asserts, among other things, that Plaintiff waived his FLSA claim because the "Stipulation explicitly provided that it was in 'full and final satisfaction of all claims' of unpaid wages," and because "the Stipulation was supervised by the NYSDoL." (Def. Mem. at 8–9 (citing Lignore v. Hosp. of the Univ. of Pa., No 04 Civ. 5735, 2007 WL 1300733, at *3 (E.D. Pa. May 1, 2007)).) Defendant also asserts that "[P]laintiff's overtime claim is moot" because the amount paid to Plaintiff under the Stipulation "exceeds the maximum amount recoverable by [P]laintiff for such wages in this action." (Def. Reply at 10–11.)

Plaintiff counters, among other things, that he did not waive his FLSA claim because the Stipulation serves "as a bar to Plaintiff's claims for . . . unpaid wages arising only under New York State law," (Pl. Mem. at 8), and because it was not "supervised by the United States Department of Labor ['USDoL']," (Pl. Mem. at 9 (citing Manning, 2001 WL 963982, at *11)). Nor was it "judicially approved." (Pl. Mem. at 9.) Plaintiff also counters that Defendant "cannot argue Plaintiff's overtime claim is moot," because Plaintiff "was in fact 'otherwise entitled' [under state law]" to the amount paid under the Stipulation. (Pl. Mem. at 11.)

Plaintiff did not waive his FLSA claim because the Stipulation does not appear to have been supervised by the USDoL or judicially approved. See Simel v. JP Morgan Chase, No. 05 Civ. 9750, 2007 WL 809689, at *4 (S.D.N.Y. Mar. 19, 2007) (citing 29 U.S.C. § 216(c)) ("The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wage or

4

unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206–207, without the supervision of the Secretary of Labor.")

And, whether Plaintiff's (separate) settlement may impact any award under FLSA should not be decided prematurely because, for example, Plaintiff may be "plausibly entitled" to relief that exceeds any amount paid under the Stipulation. See Pereira v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 04 Civ. 1134, 2006 WL 1982789, at *5 (S.D.N.Y. July 12, 2006) (where "complaint [did] not specify an amount of damages as part of its claim for relief"); Dejesus v. Emerald Coast Connections of St. Petersburg, Inc., No. 10 Civ. 462, 2010 WL 2508844, at *2 (M.D. Fla. June 17, 2010) (where the court had not decided "the extent of the setoff which will be allowed"); Holmes v. Air Line Pilots Ass'n, Int'l, --- F. Supp. 2d ---, 2010 WL 4025594 (E.D.N.Y. Oct. 12, 2010).[2]

**(2)    ERISA Claim**

Defendant asserts, among other things, that "[P]laintiff was never classified as an employee of [Defendant], and therefore his termination had no effect whatsoever on his entitlement to . . . benefits," and that Plaintiff has not sufficiently alleged causation between Plaintiff's termination and his re-classification request.  (Def. Reply at 8 n.5.)  Plaintiff counters, among other things, that he qualifies as an employee and sufficiently pleaded retaliation under Section 510 by alleging that Defendant "retaliated against Plaintiff by illegally terminating

---

[2]    Defendant also asserts that "Plaintiff would not be entitled to any remedy for . . . failure [to post notice of employees' rights under FLSA], as there is no FLSA statutory or regulatory penalty resulting from a failure to post the required notice," and, therefore, Plaintiff "cannot sustain an independent claim for relief under the FLSA."  (Def. Mem. at 11; Def Reply at 12.)  The Court does not decide Defendant's motion on this basis because it is clear from the face of the Complaint that Plaintiff does not allege Defendant's failure to post notice as a separate cause of action.  See Ruggles v. Wellpoint, Inc., 253 F.R.D. 61, 67 (N.D.N.Y. 2008).

Plaintiff's employment . . . in response to Plaintiff's . . . request for re-classification." (Pl. Mem. at 16; Compl. ¶ 16.)

Section 510 of ERISA prohibits "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. "To assert a claim under ERISA, the plaintiff must . . . be an employee, . . . [and] eligible to receive a benefit under the plan." Wolf, 200 F.3d at 1340; see Clark v. E.I. Dupont De Nemours & Co., No. 95-2845, 1997 WL 6958, at *6 (4th Cir. Jan. 9, 1997). "To make out a prima facie case of retaliation under Section 510, [the plaintiff] must show that (1) he was engaged in a protected activity, (2) [the defendant] was aware of that activity, (3) he suffered from an adverse employment decision and (4) there was a causal connection between the protected activity and the adverse employment action." Giordano v. Thomson, 564 F.3d 163, 169 (2d Cir. 2009).

Plaintiff may assert a claim under ERISA because, among other reasons, he has alleged that he was entitled to classification as an employee (Compl. ¶¶ 11–12), and that he would have been "unequivocally entitled" to benefits under the Plan as an employee (Compl. ¶ 14). See Wolf, 200 F.3d at 1340–41 (To determine "whether the plaintiff is an employee . . . [and] eligible for benefits," the Court must conduct "an independent review.") (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 319 (1992)); Ambris v. Bank of N.Y., No. 96 Civ. 0061, 1997 WL 107632, at *2 (S.D.N.Y. Mar. 10,1997). Plaintiff has made a prima facie case of retaliation under Section 510 because Plaintiff has alleged that, on or about July 30, 2008, he requested to be re-classified as an employee of Defendant (see Compl. ¶ 15), and that on or about October 17,

6

2008, Defendant terminated Plaintiff's employment (an adverse employment decision) allegedly "in response" to Plaintiff's request for re-classification (see Compl. ¶ 16); see Kreinik, 2003 WL 22339268, at *4 (An employee's "attempt to assert his right to employee benefits under the statute plainly constitutes a protected activity against which interference is prohibited."); Nicolaou v. Horizon Media, Inc., 402 F.3d 325, 330 (2d Cir. 2005); see also DeCintio v. Westchester Cnty., Med. Ctr., 821 F.2d 111, 115 (2d. Cir. 1986).

**(3)     RICO Claim**

Defendant asserts, among other things, that Plaintiff "fails to identify the [allegedly fraudulent] statements that were made, why they were false or misleading, [and] when . . . the statements were allegedly made . . . [as required to plead a] RICO claim based upon mail fraud"; and "does not . . . allege that he suffered an injury proximately caused by [Defendant's] purported 'racketeering acts.'" (Def. Mem. at 13, 16.) Plaintiff counters, among other things, that he has alleged mail fraud by stating that US 1099 Forms are statements of Defendant, that Defendant's "intentional distribution of the wrong tax form[s] [was] fraudulent," and that "Defendant mailed Plaintiff such tax forms, on a yearly basis." Plaintiff also contends that he has adequately alleged causation by stating that Defendant's "use of the mails . . . was a proximate cause . . . [of Plaintiff's] financial injuries." (Pl. Mem. at 20–23.)

"In order to recover damages under RICO . . . a plaintiff must show (1) a substantive RICO violation under [18 U.S.C.] § 1962; (2) injury to the plaintiff's business or property, and (3) that such injury was by reason of the substantive RICO violation." UFCW Local 1776 v. Eli Lilly and Co., 620 F.3d 121, 131 (2d Cir. 2010) (internal quotation marks omitted). A plaintiff alleging mail fraud under RICO must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state

when and where the statements were made, and identify those responsible for the statements." Eldred, 2010 WL 812698, at *10. "To show injury by reason of a RICO violation, a plaintiff must demonstrate . . . that the RICO violation was the proximate cause of his injury, meaning there was a direct relationship between the plaintiff's injury and the defendant's injurious conduct . . . [and] that the RICO violation was the . . . cause of his injury. UFCW Local 1776, 620 F.3d at 132 (internal quotation marks omitted).

Plaintiff fails to state a claim of mail fraud because he fails to plead, with particularity, specific statements which were made, how they were false, and when they were made (and sent). See Fed. R. Civ. P. 9(b). Rather, Plaintiff alleges, in conclusory language, that Defendants "intentionally plac[ed] Plaintiff's fraudulent tax forms in a United States mail box for delivery . . . during each year of Plaintiff's employment . . . with the intent to defraud Plaintiff . . . [who] suffered significant damages . . . including but not limited to the shifting of various tax burdens to Plaintiff." (Compl. ¶¶ 21, 45, 47.) These allegations are insufficient. See Leung v. Law, 387 F. Supp. 2d 105, 114 (E.D.N.Y. 2005) (where allegations "name whole documents, each of which encompasses numerous discrete statements, and allege, in vague and sweeping language, that each of these documents contained one or more false statements"); see also Carey v. Berisford Metals Corp., No. 90 Civ. 1045, 1991 WL 44843, at *6 (S.D.N.Y. Mar. 28, 1991) ("Mail fraud allegations must set forth the contents of the items mailed and specify how each of these items was false and misleading.") (internal quotation marks omitted); Alnwich v. European Micro Holdings, Inc., 281 F. Supp. 2d. 629, 640–41 (E.D.N.Y. 2003).

Assuming arguendo that Plaintiff had sufficiently alleged fraudulent statements (which he has not), the Court would conclude that he failed to allege causation because his alleged injury was not the proximate cause of the alleged fraud. See Anza v. Ideal Steel Supply Corp., 547

U.S. 451, 458 (2006); see also Hemi Grp., LLC v. City of N.Y., 130 S. Ct. 983, 989 (2010); see also Leung, 387 F. Supp. 2d at 122 ("An act which proximately caused an injury is analytically distinct from one which furthered, facilitated, permitted or concealed an injury which happened or could have happened independently of the act.")

**Leave to Amend Complaint**

Plaintiff also requests that if "the Court determine[s] that some or all of Plaintiff's claims have been improperly pled, Plaintiff should be granted leave to amend pursuant to [Fed. R. Civ. P.] 15(a)." (Pl. Mem. at 25.) Further amendment is not appropriate. After the Court advised the parties, on October 21, 2010, that "now is the opportunity" to submit an amended complaint, and that "if [a motion to dismiss] were to succeed, it would be with prejudice and there would not be [further] amendment," Plaintiff stated that he would submit an amended complaint shortly thereafter. (See Tr., dated Oct. 21, 2010, at 2:14-16, 2:20-21, 2:23); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

### IV. Conclusion and Order

For the reasons stated herein, Defendant's motion to dismiss [#11] is granted as to the RICO claim and denied as to the FLSA and ERISA claims.

The parties are directed to engage in good faith settlement discussions prior to the conference on Monday, March 7, 2011 in Courtroom 21B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

Dated: February 10, 2011
New York, New York

_RMB_
RICHARD M. BERMAN, U.S.D.J.